HARRY LIPMAN, Appellant, v. LENORE LIPMAN, Respondent.— In an action for divorce, plaintiff-husband appeals from an order of the Supreme Court, Queens County, dated January 25, 1971, which granted defendant's motion to examine him before trial as to his financial means. Order affirmed, with $10 costs and disbursements. The examination shall proceed at the place fixed in said order at a time to be specified in a written notice of not less than 10 days, to be given by defendant, or at such other place and time as may be agreed upon by the parties. On March 5, 1954, a judgment of separation was obtained by defendant, awarding her $175 per week for support of herself and the then minor daughter of the parties. Since that time, plaintiff is believed by defendant to have amassed a large sum of money and to have increased his income substantially. A husband's income and property are major factors in determining the amount of an alimony award. Although plaintiff has stated that he is willing to make any reasonable payment ordered by the court, no figure may rationally be arrived at without knowledge of his present assets and earning capabilities. The 17-year interval since the separation decree presents a special circumstance under which the examination sought should be permitted. The prior award was arrived at in a separation suit under conditions as they then existed. That suit left the parties still married, although separated, with the wife retaining the endowments of a married woman. The present suit for divorce against her, with no allegations of fault, will, if successful, change her status. We think a sufficient change in the respective circumstances of the parties has been shown and that it warrants a pretrial examination of plaintiff so that a *de novo* award may intelligently be arrived at. Rabin, P. J., Hopkins

and Christ, JJ., concur; Latham, J., dissents and votes to reverse the order and to deny the motion, with the following memorandum, in which Munder, J., concurs: In this divorce action, the defendant wife, having applied for an allowance of alimony beyond that awarded in a 1954 separation decree, moved successfully at Special Term to examine the plaintiff-husband before trial with respect to his recent and present financial resources. I believe Special Term erred in granting the motion. The record on appeal reveals that the parties have lived apart since the entry of the separation decree over 17 years ago. Pursuant to the decree, defendant was awarded $175 per week as alimony for the support and maintenance of herself and the parties' daughter. Although the daughter became of age over seven years ago, defendant continues to receive the weekly $175 alimony payment from plaintiff. In addition, at the time the motion was made for a pretrial examination of plaintiff, defendant was earning approximately $125 a week. No motion for an increase in alimony has been made by her since the entry of the separation decree in 1954. Despite the fact that plaintiff has agreed to comply with any reasonable support order that may be entered, defendant justifies her request for the pretrial examination on the ground, *inter alia*, that plaintiff has become a successful and wealthy business man, with an alleged yearly income far in excess of $60,000. In my opinion, the above-recited facts and allegations do not demonstrate special circumstances warranting a pretrial examination with respect to plaintiff's present financial status (*Campbell* v. *Campbell*, 7 A D 2d 1011). The purpose of alimony is to enable a wife to have sufficient means to live in a manner comparable to the one prevailing at the time the parties lived together (*Blaufarb* v. *Blaufarb*, 9 A D 2d 86) and not to make her a partner in her husband's subsequent success. It was incumbent upon defendant to show a substantial change of circumstances not within the contemplation of the parties at the time the separation decree was entered. Merely showing that plaintiff's income has materially increased did not satisfy such requirement (*Hearst* v. *Hearst*, 3 A D 2d 706; *McMains* v. *McMains*, 15 N Y 2d 283). Since the parties have been separated for over 17 years under the separation agreement, an examination of plaintiff's recent and present financial position would be of no value in determining their preseparation standard of living. Furthermore, since plaintiff has conceded his ability to comply with any reasonable support order, I fail to see the necessity of the pretrial examination (*Matter of Ohrstrom* v. *Ohrstrom*, 31 A D 2d 797).